-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM A. JACKSON,

        Plaintiff,

    -v-

ROSEANNE OLIVERIO, M.D.,
PAT GILLILAND, M.D., ABDUL R. CHAUDHRY, M.D.,
MUSHTAQ KHAN, M.D., DHARAM SINGLA,
DR. SHIEKH, M.D.,

        Defendants.

**DECISION AND ORDER**
09-CV-0995M

FILED OCT 13 2010
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

---

WILLIAM A. JACKSON,

        Plaintiff,

    -v-

SHIEKH, M.D., DHARAM SINGLA, M.D.,
ROSEANNE OLIVERIO, M.D., MUSHTAQ KHAN, M.D.,
ABDUL R. CHAUDHRY, PAT GILLILAND

        Defendants.

**DECISION AND ORDER**
10-CV-0454M

---

WILLIAM A. JACKSON,

        Plaintiff,

    -v-

MR. E. BANGSIL, M.D.,

        Defendants.

**DECISION AND ORDER**
10-CV-0017M

## PROCEDURAL BACKGROUND

Plaintiff, William A. Jackson, an inmate at the Gowanda Correctional Facility, filed a complaint *pro se* on November 18, 2009, alleging the denial of medical treatment between March and September 2008 by defendant physicians at both the Wyoming Correctional Facility ("Wyoming C.F.") and Wyoming County Community Health System, a hospital to which plaintiff was referred by physicians at the Wyoming C.F.--defendants Singla and Shiekh. He also filed an application to proceed *in forma pauperis* and a motion for the appointment of counsel. (*Jackson v. Oliverio, et al.*, 09-CV-0995M). The Court (1) granted the application to proceed *in forma pauperis*, (2) denied the motion for counsel without prejudice, (3) directed that a complaint filed by plaintiff in a second action, *Jackson v. Singla, et al.*, 09-CV-1105M, be docketed in and construed as an amended complaint in 09-CV-0995M because it alleged the same conduct against the same defendants alleged in 09-CV-0995M--*i.e.*, denial of adequate medical treatment--and that 09-CV-1105M be dismissed, and (4) directed plaintiff to file a second amended complaint in 09-CV-0995M that alleged an actionable claim of deliberate indifference under the Eighth Amendment to the United States Constitution because neither the complaint nor amended complaint stated a claim upon which relief can be granted against any of the defendants. *See* 28 U.S.C. § § 1915(e)(2)(B)(ii) and 1915A(b)(1)). (09-CV-0995M, Docket No. 4, Order.)

Plaintiff later moved for an extension of time to file a second amended complaint in 09-CV-0995M and was granted an extension up to July 1, 2010. (09-CV-0995M, Docket No. 7, Text Order.) Rather than filing a second amended complaint in 09-CV-0995M, plaintiff filed a new complaint/action and an application to proceed *in forma pauperis*.. (*Jackson v. Shiekh, et al.*, 10-CV-0454M.) This new complaint/action alleged the same claims and conduct against the same defendants alleged in 09-CV-0995M.

Prior to the Court's initial Order in 09-CV-0995M (09-CV-0995M, Docket No. 4, Order), plaintiff had filed another action against a physician at the Gowanda Correctional Facility ("Gowanda C.F."), E. Bangsil, alleging a denial of adequate medical treatment between September 2008 and November 2009 at Gowanda C.F., the facility to which he was transferred from Wyoming C,F. (*Jackson v. Bangsil*, 10-CV-0017M, Docket No. 1, Complaint, Section 5A, First Claim, at 4.)[1] A second claim in the complaint in 10-CV-0017M alleged the same conduct against some of the same defendants alleged in the complaint and amended complaint in 09-CV-0995M and the complaint in 10-CV-0454M--*i.e.*, a denial of adequate medical treatment between March and July 2008 while plaintiff was at Wyoming C.F.

---

[1] The Court initially directed plaintiff to file another Prison Authorization in that action because the one submitted authorized the withdrawal of only $250.00 from plaintiff's inmate account, not the full filing fee of $350.00. *See* 28 U.S.C. § 1915(b). Plaintiff filed another Prison Authorization. (10-CV-0017M, Docket No. 5.)

3

On September 21, 2010, plaintiff responded to a letter from one of the Court's Pro Se Staff Attorneys, which had responded to a letter from plaintiff and inquired of plaintiff whether the complaints and/or amended complaints in 09-CV-0995M, 09-CV-1105M and 10-CV-0454M were all intended to be the same and to be filed in one action (09-CV-0995M). Plaintiff advised the Court that the "three complaints are all the same[,]" and "[he] wished the court to proceed with only one complaint [,] case number of, 1:09-CV-0995M." (Docket No. 15).[2]

---

[2] In that letter plaintiff also asked that he be provided copies of all the "court documents and not the medical records be placed with the filing fees of [sic] are already in place apound [sic] me by the court in my inmate account at this time as an [encumbrance] fee to the court to be paid in full." Plaintiff also submitted a Clerk's Office Copy Request Form which asked that the Court copy documents from its file in this action. (Docket No. 15.) It is not clear, however, what documents plaintiff wants the Court to copy for him. It appears that plaintiff misunderstood the directions he received regarding requesting copies of records from the Court's files. Plaintiff was advised that he was not entitled to copies of documents in the Court's file free of charge and that if he wanted copies of documents located within the Court's file to be made for him, he would need to complete a Copy Request Form, which identified the case number and the docket numbers of the documents he wished to have copied. He was also advised that he would have to pay the copying ($.50) or printing ($.10) costs and that he would have to pay said costs upfront before the Court could provide him copies of the documents. Apparently, plaintiff wants the Court to add the copying or printing costs to the encumbrance already placed on his account to pay for the filing fee pursuant to 28 U.S.C. § 1915(b). The Court does not have the statutory authority under 28 U.S.C. § 1915(b) to add the copying or printing costs to the encumbrance nor does the plaintiff's indigent status entitle him to copies of documents in the Court's file free of charge. See, e.g., Harless v United States, 329 F2d 397 (5th Cir. 1964) (a prisoner granted leave to appeal in forma pauperis, was denied his request for the records and files of all proceedings against him, or copies thereof; the court held that such expenses were not authorized under 28 U.S.C.A. § 1915); Douglas v Green, 327 F2d 661 (6th Cir. 1964) (held that the statutory right to proceed in forma pauperis, under 28 U.S.C.A. § 1915(a), did not include the right to obtain copies of court orders without payment); see also Tolliver v. Community Action Commission to Help the Economy, Inc., 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985), aff'd, 800 F.2d 1128, cert. denied, 479 U.S. 863, 107 S. Ct. 217, 93 L. Ed.2d 146 ("Since plaintiff was proceeding pro se in a Title VII case, and in forma pauperis pursuant to 28 U.S.C. § 1915(a) ..., there was no clear statutory authority for the prepayment of discovery costs").

If plaintiff wishes to have copies of documents located in the Court's file he will need to complete another Copy Request Form, which identifies specifically the case number (09-CV-0995M) and the docket numbers of the documents he wants to have copied. The Clerk of the Court will then advise him of the total cost of copying or printing the documents, and provide him with said copies once it receives payment from him.

For the following reasons, (1) the complaint filed in 10-CV-0454M be docketed and construed in 09-0995M as a second amended complaint and that 10-CV-0454 be closed, (2) case numbers 09-CV-0995M and 10-CV-0017M be consolidated into a single action under the case number 09-CV-0995M, the complaint in case number 10-CV-0017 be deemed a supplemental complaint in 09-CV-0995M, and 10-CV-0017M be closed, and (3) because the amended complaint in 09-CV-0995M, the complaint in 10-CV-045M, which will be docketed as the second amended complaint in 09-CV-0995M, and the complaint in 10-CV-0017M, which will be docketed as the supplemental complaint in 09-CV-0995M, all fail to state claims upon which relief can be granted, *see* 28 U.S.C. § § 1915(e)(2)(B(ii) and 1915A(b), the plaintiff will be provided one final opportunity to file a third and final amended complaint by **November 18, 2010**, in case number 09-CV-0995. The third amended complaint shall include all of the defendants from the complaints and/or amended complaint in 09-CV-0995M, 10-CV-00454M and 10-CV-0017M--Shiekh, Singla, Oliverio, Khan, Chaudhry, Gilliland and Bangsil--and allege facts that are sufficient to state a claim against said defendants for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. *See Abbas v. Dixon,* 480 F.3d 636, 639 2d Cir. 2007) (Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal " 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would

succeed in stating a claim.' ") (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

## DISCUSSION

### A. PLAINTIFF'S CLAIMS

#### 1. 09-CV-0995M

Plaintiff's amended complaint in 09-CV-0995M alleges that between March and September 2008, while he was incarcerated at Wyoming C.F., defendants Singla and Shiekh, physicians at Wyoming C.F., failed to provide him with proper medical treatment. Specifically, he alleges that he went to the Facility's medical clinic because he was in pain every day and that while Drs. Singla and Shiekh did provide him "some medical treatment . . . it was a lot of smoke, just to have it look real." (09-CV-0995M, Amended Complaint, Docket No. 5, Section 5A, First Claim, at 4.) Plaintiff then claims that he broke his left "rib cage" when he fell on some ice. "The real proof is in me? (My Body). I was told it was in my head. That there isn't nothing wrong with me by the doctor himself." (*Id.*, at 4.)

The Second Claim alleges that defendants Oliverio, Khan, Mushtaq, Chaudhry, and Gilliland, physicians at the Wyoming County Community Health Center, where plaintiff was referred for treatment of his broken ribs, covered up his injuries by falsifying medical records and failed to provide him proper treatment. He claims he knows this "because I have my body and I have medical records to which tell's [sic] different medical story." (*Id.*, Second Claim, at 5-6.)

6

### 2. 10-CV-0454M

The complaint in 10-CV-0454M, which by this Order will be docketed in 09-CV-0995M as a second amended complaint, alleges that between February 13 and September 2008, defendants Shiekh and Singla denied him proper medical care and sent him to Wyoming County Community Health System where between March 21 and July 2008, defendants Oliverio (Oliver),[3] Khan, Chaudhry and Gilliland denied him proper medical treatment. (10-CV-0454M, Docket No. 1, Sections 5A, First and Second Claims, at 5-6.) Attached to the complaint are various radiological reports from the Medina Memorial Hospital dated February 2010.[4] The first report is the results of an "Air Contrast Upper GI" and the impression was "Small Axial Hiatal Hernia with Mild Ger and Gerd of the Distal 2/3 of the Esophagus. No Evidence for Esophageal Stricture or PUD." It also indicates that the report was reviewed on February 16, 2010, and that "Follow Up Will Be Arranged With A Provider" and "Notification Form Completed and Distributed." The second report is the results of a "Small Bowel Follow-Through and the impression was "Normal Small Bowel Follow-Through." The remaining reports are of x-rays of plaintiff's Lumbosacral and Thoracic Spine and Left and

---

[3]This defendant's name is spelled two different ways in the various complaints in these actions: "Oliverio" and "Oliver."

[4]*Chance v. Armstrong*, 143 F.3d 698, 698 n.1 (2d Cir. 1998) ("the court may consider facts set forth in exhibits attached as part of the complaint as well as those in the formal complaint itself"); *see Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference").

Right Feet. The impressions of the spinal X-rays were "Mild Spondylosis and Facet Anthropathy," and "Mild Spondylosis," with a notation that "No Action is Required at This Time." The impressions of the x-rays of the right and left feet were "Chronic Structural Changes with Mild DJD in the First MTP Joint," with a notation that "Follow Up Will Be Arranged With a Provider" and "Notification Form Completed and Distributed."

### 3. 10-CV-0017M

In the complaint in 10-CV-0017M, plaintiff alleges that defendant Dr. Bangsil, a physician at Gowanda C.F. denied him adequate medical care and treatment between September 2008 and November 2009. Specifically, the First Claim alleges that

> [R]ight from my first and before Doctor call-out (Bangsil, M.D.) wouldn't properly exam[ine] me when I showed up for his call-out. He (Bangsil) looked up, then said your fine. . . I was denied proper medical treatment as well as proper medication for my pain in my body (left ribs, right foot, and my spine) as well as the proper medication from the reason of me being sick and couldn't eat read[i]ly because he (Bangsil) wouldn't treat[] me with proper medical treatment because the records from Wyoming Corr. Fac. said everything was normal.

(10-CV-0017M, Docket No. 1, Complaint, Section 5A, First Claim, at 4). The Second Claim lists the physician defendants from Wyoming County Community Health System named in 09-CV-0995M and 10-CV-045M and then alleges that Dr. Bangsil failed to treat him properly despite his repeated call-outs and complaints about his medical problems. (*Id.*, Second Claim, at 4-5.)

8

## B. FAILURE TO STATE CLAIM OF DELIBERATE INDIFFERENCE

All the complaints and amended complaints in the three actions at issue fail to allege facts that set forth an actionable claim of deliberate indifference in violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see, e.g., Harrison v. Barkley*, 219 F.3d 132, 136-37 (2d Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)). Plaintiff makes only general and wholly conclusory allegations that defendants denied him adequate medical treatment for his numerous and non-specific medical complaints.

While "[s]pecific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[,]' " *Erickson v. Padus*, 551 U.S. 89, 93 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The copies of the radiological reports attached to the complaint in 10-CV-0454M, while shedding some light on what plaintiff's complaints may have been, do not suffice in any manner to set forth a claim of deliberate indifference against any of the

defendant physicians. Therefore, plaintiff's claims in the remaining action (09-CV-0995M) will be dismissed unless files a third amended complaint in 09-CV-0995M against each of the defendants named in the prior complaints in these three actions--Oliverio, Gilliland, Chauhdry, Khan, Singla, Shiekh and Bangsil--which contains sufficient factual allegations to state a claim of deliberate indifference to his serious medical needs.

To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. *See also Ross v. Kelly*, 784 F. Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992). This standard has both an objective and subjective component. Plaintiff's medical needs must be objectively serious. "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison*, 219 F.3d at 136-37 (quoting *Chance*, 143 F.3d at 702 (internal quotation marks omitted)). In *Harrison*, the Second Circuit pointed out that

> [medical] conditions ... vary in severity and ... a decision to leave a condition untreated will be constitutional or not depending on the facts of the particular case. Thus, a prisoner with a hang-nail has no constitutional right to treatment, but if prison officials deliberately ignore an infected gash, "the failure to provide appropriate treatment might well violate the Eighth Amendment."

10

*Id.* (quoting *Chance*, 143 F.3d at 702). *Compare Chance* (finding serious dental need where plaintiff alleged that he suffered extreme pain, his teeth deteriorated, and he had been unable to eat properly) and *Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996) (deprivations of needed eyeglasses may produce consequences that "adequately meet the test of 'suffering' [under] Gamble'"), *with Banks v. Mannoia*, 890 F. Supp. 95, 99 (N.D.N.Y. 1995) ("The serious medical need requirement contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain").

The Court in *Estelle* cautioned that mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105-06. It is clear, then, that allegations of malpractice do not state a constitutional claim. *Id.*, 429 U.S. at 106 and n. 14; *Chance*, 143 F.3d at 703-04; *Ross*, 784 F.Supp. at 44.

Given the situation described by plaintiff in the various pleadings and medical reports herein, the Court finds that plaintiff has not alleged a serious medical need, and that, even if he had, he has failed to allege in any way that the

defendant physicians were deliberately indifferent to said need or needs. As such the allegations set forth in the three actions, which are to be consolidated into one (09-CV-0995M), fail to state a claim upon which relief can be granted under the Eighth Amendment. Plaintiff's third amended complaint must allege in factual terms the nature of his serious medical need or needs that he sought treatment for at Wyoming C.F., Wyoming County Community Health Systems and Gowanda C.F., and how each of the doctors or medical personnel named in the complaints and amended complaints herein were deliberately indifferent to said need or needs. If plaintiff again alleges only that defendants denied him proper medical treatment but without setting forth facts to show what the serious medical needs plaintiff complained of and/or allegedly suffered from were and how defendants failed to treat said complaints or needs and were deliberately indifferent to said complaints and needs, the remaining action will be dismissed with prejudice

## CONCLUSION

For the reasons set forth above, (1) the complaint in 10-CV-0454M will be docketed in and construed as a second amended complaint in 09-CV-0995M and 10-CV-0454M will be closed, (2) 09-CV-0017 and 09-CV-0995M will be consolidated in 09-CV-0995M and the complaint in 10-CV-0017M will be docketed in and construed as a supplemental complaint in 09-CV-0995M, and 10-CV-0017M will be closed, (3) plaintiff's motion to proceed *in forma pauperis* in

10-CV-0017M (Docket No. 2) is granted but all remaining and pending motions in 10-CV-0017M and 10-CV-0454M will be denied as moot, and (4) plaintiff must file a third amended complaint in 09-CV-0995 on or before **November 18, 2010.**

Plaintiff is advised that the third amended complaint is intended to **completely replace** all the prior complaints in these actions. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." Arce v. Walker, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977)); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's third amended complaint in 09-CV-0995M must include all of the allegations against each of the defendants named in 09-CV-0995M, 10-CV-0017M and 10-CV-0454M so that the third amended complaint may stand alone as the sole complaint in 09-CV-0995M which the defendants may later be directed to answer.

Plaintiff is forewarned that if he fails to file a third amended complaint as directed in 09-CV-0995M by **November 18, 2010**, said action (09-CV-0995M) will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). See 28 U.S.C. § 1915(g).

## ORDER

IT IS HEREBY ORDERED that the Clerk of the Court shall docket the complaint in 10-CV-0454M (Docket No. 1) as the second amended complaint in 09-CV-0995M, and shall close 10-CV-0454M;

FURTHER, that the application to proceed *in forma pauperis* in 10-CV-0017M is granted, that case numbers 09-CV-0995M and 10-CV-0017M are consolidated as case number 09-CV-0995M, that the complaint in 10-CV-0017M (Docket No. 1) shall be docketed as a supplemental complaint in 09-CV-0995M, and that the Clerk of the Court shall close 10-CV-0017M;

FURTHER, that the remaining motions in 10-CV-0017M (Docket No. 3) and 10-CV-0454M (Docket No. 2) are denied as moot, and the Clerk of the Court is to return *any* monies that were received for the filing fee in 10-CV-0454M to plaintiff's current facility for deposit back into plaintiff's Inmate Trust Account and to inform said facility to cancel any encumbrances that were placed on plaintiff's Inmate Trust Account for the filing fee in 10-CV-0454M;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the complaint and amended complaint in 09-CV-0995M, and the complaints in 10-CV-0017M and 10-CV-0454M, a blank § 1983 complaint form, the instructions for preparing an amended complaint, a Copy Request Form and the docket report in 09-CV-0995M;

FURTHER, that in the event plaintiff fails to file a third amended complaint as directed above by **November 18, 2010**, the remaining action (09-CV-0995M) shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the remaining action (09-CV-0995M) is dismissed because plaintiff has failed to file a third amended complaint by **November 18, 2010**, the Clerk of the Court shall close the remaining action (09-CV-0995M) as dismissed with prejudice without further order; and

FURTHER, that in the event the remaining action (09-CV-0995M) is dismissed because plaintiff has failed to file a third amended complaint by **November 18, 2010**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure;

FURTHER, that the Clerk of the Court shall amend the official caption of the remaining action (09-CV-0995M) to read as follows: William Alan Jackson, Plaintiff, v. Shiekh, M.D., Dharam Singla, M.D., Roseanne Oliverio, M.D., Mushtaq Khan, M.D., Abdul R. Chaudhry, Pat Gilliland, and Mr. E. Bangsil, M.D., 09-CV-0995M; and

FURTHER, the Clerk of the Court shall docket this Order in all three above-referenced actions.

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: Oct. 13, 2010